[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11952
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-21862-JEM


ALDO ROMAN BAEZ,

Plaintiff - Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 22, 2019)

Before WILLIAM PRYOR, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Aldo Roman Baez appeals the district court's determination that his postjudgment motion for attorney's fees was untimely.  Although the district court did not enter its judgment in a separate document, we conclude that it did enter a final judgment and that the window for fee motions had closed before Baez moved for fees.  Accordingly, we affirm.

## I.

In 2007, Baez applied for Social Security disability insurance benefits and for supplemental security income and was denied.  The administrative law judge ("ALJ") determined Baez was not disabled.  Baez then sought judicial review in the district court.  The suit progressed, and the parties filed cross motions for summary judgment.  Although the magistrate judge rejected most of Baez's arguments, he recommended reversal and remand, finding the ALJ erred in two ways.[1]

On March 21, 2016, the district court adopted the magistrate judge's report and recommendation ("R&R") in full.  Its order granted in part Baez's motion for summary judgment, denied the Social Security Commissioner's motion for summary judgment, reversed the decision of the Commissioner, and remanded for further proceedings.  The court specifically noted, "This case is **CLOSED**, and all pending motions are **DENIED as MOOT**."

---

[1] The merits of Baez's claims are not relevant to this appeal.

2

Almost exactly a full year later, on March 20, 2017, Baez moved for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  EAJA has a time limit on fee awards: a "party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection."  *Id.* § 2412(d)(1)(B).

The district court denied Baez's motion.  The court rejected Baez's argument, now before us on appeal, that EAJA's 30-day window had not begun because judgment was not entered on a separate document.  The court reasoned, assuming without deciding that it had not entered judgment on a separate document, that Baez's motion was "untimely since the judgment became final and non-appealable 210 days after the R&R."  The court calculated 210 days by looking to two separate rules: (1) Rule 58(c)(2)(B) of the Federal Rules of Civil Procedure, which provides that judgment is automatically entered after "150 days have run from the entry in the civil docket," and (2) Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure, which provides for 60 days to appeal after entry of judgment when a United States agency or officer is a party.  According to the district court, Baez's motion "was filed 324 days after the R&R," so it was time barred.

3

This timely appeal followed.

## II.

## A.

The parties both state the standard of review for denial of fees under EAJA is abuse of discretion. Normally that standard of review would apply because EAJA requires the district court to determine whether the government's litigating position was "substantially justified." *Pierce v. Underwood*, 487 U.S. 552, 559-63 (1988). But here the district court did not evaluate the government's litigating position in a manner warranting that deferential standard of review. Instead, it interpreted the Federal Rules as procedurally barring Baez's EAJA motion. "We review the district court's construction of the Federal Rules of Civil Procedure *de novo*, and its factual findings for clear error." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008).

## B.

As noted, EAJA provides that a "party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees . . . ." 28 U.S.C. § 2412(d)(1)(B).

This appeal turns on when (and whether) judgment was entered. Under Rule 58(c) of the Federal Rules of Civil Procedure,

judgment is entered at the following times:

> (1) if a separate document is not required, when the judgment is entered in the civil docket under Rule 79(a); or
> (2) if a separate document is required, when the judgment is entered in the civil docket under Rule 79(a) and the earlier of these events occurs:
> > (A) it is set out in a separate document; or
> > (B) 150 days have run from the entry in the civil docket.

"Judgment," as the Federal Rules of Civil Procedure define it, is "any order from which an appeal lies." Fed. R. Civ. P. 54(a). Because the "courts of appeals . . . have jurisdiction of appeals from all final decisions of the district courts," 28 U.S.C. § 1291,[2] a judgment, for purposes of Rule 58(c) and § 1291, is a final decision of the district court. Understood this way, judgment is entered when the district court enters what it intends to be[3] its final order on the docket and 150 days pass, irrespective of whether there is a separate document labeled as a judgment.

Baez says the judgment was not "ever set forth as an entry in the civil docket, which is clear from the docket itself." It is true that no separate entry labeled "judgment" appears on the docket. But the following entry does appear:

| 03/21/2016 | 32 | ORDER Adopting 31 Report and Recommendations; granting in part 25 Motion for Summary Judgment; denying 26 Motion for Summary Judgment. The decision of the Commissioner is REVERSED and this case is REMANDED for futher proceedings consistent with the Magistrate Judge's opinion. This case is CLOSED, and all pending motions are DENIED AS MOOT. Signed by Judge Jose E. Martinez on 3/21/2016. (mc)<br><br>NOTICE: If there are sealed documents in this case, they may be unsealed after 1 year or as directed by Court Order, unless they have been designated to be permanently sealed. See Local Rule 5.4 and Administrative Order 2014-69. (Entered: 03/21/2016) |

---

[2] We have jurisdiction over this appeal under 28 U.S.C. § 1291.

[3] The Supreme Court has instructed that we consider, in assessing our jurisdiction under § 1291, the intent of the district court with respect to finality. *Bankers Tr. Co. v. Mallis*, 435 U.S. 381, 385 n.6 (1978) ("Even if a separate judgment is filed, the courts of appeals must still determine whether the district court intended the judgment to represent the final decision in the case.").

The docket thus reflects the district court's decision reversing and remanding the decision of the Commissioner.  It further notes that the case is "CLOSED."  The case was terminated, and Baez was the prevailing party because he obtained reversal and remand of the Commissioner's adverse decision.  *See Shalala v. Schaefer*, 509 U.S. 292, 301–02 (1993).  Thus, the March 21, 2016, docket entry reflects the final order and judgment of the district court.  Indeed, were that not so, Baez would not yet be able to move for fees under EAJA, which itself requires a "final judgment."  28 U.S.C. § 2412(d)(1)(B).

Baez cites *Schaefer* for the proposition that Rule 58 requires judgment be entered in a separate document.  When the Supreme Court decided *Schaefer* in 1993, Rule 58 did not contain the 150-day clause.  Thus, the Court explained, "Rule 58 . . . requires a district court to set forth every judgment 'on a separate document' and provides that '[a] judgment is effective only when so set forth.'" *Schaefer*, 509 U.S. at 302–03.  But in 2002, Rule 58 was amended to add the 150-day clause, which operates as described above.

Although the text of the Rule disposes of this case, the Advisory Committee Notes shine light on the 2002 amendment.[4]  The Notes explain that the

---

[4] The text of a given Rule is what is authoritative.  Nevertheless, "[h]aving been prepared by a body of experts, the Notes are assuredly persuasive scholarly commentaries—ordinarily *the* most persuasive—concerning the meaning of the Rules." *Tome v. United States*, 513 U.S. 150, 167 (1995) (Scalia, J., concurring in part and concurring in the judgment).

6

amendments were "designed to work in conjunction with Appellate Rule 4(a) to ensure that appeal time does not linger on indefinitely." Fed. R. Civ. P. 58, advisory committee note to 2002 amendment. Although it is preferable that judgment be entered separately, "in the cases in which court and clerk fail to comply with this simple requirement," the 150-day clause applies. *Id*. *See also* Fed. R. App. P. 4, advisory committee note to 2002 amendment ("This cap will ensure that parties will not be given forever to appeal (*or to bring a postjudgment motion*) when a court fails to set forth a judgment or order on a separate document in violation of Fed. R. Civ. P. 58(a)(1)." (emphasis added)).

Here, final judgment was entered on August 18, 2016, 150 days from when the district court's March 21, 2016, order terminating the case appeared on the docket. "The 30-day EAJA clock begins to run after the time to appeal [a] 'final judgment' has expired." *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). Because a United States officer is a party to this action, the government had 60 days to appeal after entry of judgment. Fed. R. App. P. 4(a)(1)(B)(iii). It failed to do so, and the judgment became final and nonappealable on October 17, 2016. Thus, Baez's EAJA fee motion was due 30 days later on November 16, 2016—yet he filed the motion on March 20, 2017. His motion was time barred.

The district court incorrectly remarked that Baez had 210 days from the magistrate judge's R&R to file his EAJA motion. Baez had 210 days from the

entry of *judgment*, which the district court, not the magistrate judge, ordered entered.  It is also unclear how the district court concluded the motion "was filed 324 days after the R&R."  But these misstatements do not matter.  Baez's motion was still untimely when properly measured.

**AFFIRMED.**[5]

---

[5] We deny Baez's motion to dismiss this appeal.

8